IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| GEORGE WAYNE ADKINS, | |
| Plaintiff, | CIVIL ACTION NO.: 2:19-cv-85 |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION AND CUSTOMS ENFORCEMENT AGENCY, | |
| Defendant. | |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter is before the Court for review of Plaintiff's Amended Complaint, doc. 22, and Plaintiff's Motion to Appoint Counsel, doc. 32. Plaintiff, proceeding pro se, has been granted leave to proceed *in forma pauperis* ("IFP"). Doc. 28. However, under 28 U.S.C. § 1915(e)(2), which requires dismissal of any IFP action when the action is frivolous, malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief, I **RECOMMEND** the Court **DISMISS** Plaintiff's Amended Complaint. Furthermore, I **DENY** Plaintiff's Motion to Appoint Counsel. I also **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis* and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

**BACKGROUND**

Plaintiff George Wayne Adkins, a former Federal Protective Service employee, has filed this Title VII race and sex discrimination lawsuit against the Department of Homeland Security, Immigration and Customs Enforcement Agency. Doc. 22 at 3. According to his Amended

Complaint, Adkins is a white male who was terminated from his job with the Federal Protective Service, the police division of the Department of Homeland Security, on November 17, 2009. Doc. 22 at 6. Plaintiff alleges that on November 13, 2009, Plaintiff's Class Coordinator at the Federal Law Enforcement Training Center ("FLETC"), Kerwin Smith, who is an African American male, berated him in front of his class. Specifically, Mr. Smith told Plaintiff "his dick wasn't big enough to work there," and that Mr. Smith was "going to take care of it (or words to that effect)." Id. Thereafter, Mr. Smith approached two other students, Kevin Griffin and Gary Jones, and asked them to file complaints "saying [Plaintiff] was being racist." Id. Mr. Smith explained to Mr. Griffin, "[T]he agency has been discriminating against blacks for [a] long time and it [was] his turn to get back at white[s]." Id. at 4. The day Plaintiff was terminated, he complained of discrimination to Russell Dingman, the Program Manager for the Federal Protective Service, and was told to file a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC"). Id. at 7. Plaintiff did so, alleging Defendant had discriminated against him on the basis of race and sex and, although no discrimination was found and his appeal was denied, Plaintiff was given the right to file a civil action.[1] Doc. 14-1 at 2.

Plaintiff filed suit on July 29, 2015 in the Middle District of Florida, moved to proceed *in forma pauperis*, and requested appointment of counsel. Docs. 1, 2, 7. Magistrate Judge Carol

---

[1] The Court does not have Plaintiff's EEOC decision before it; however, Plaintiff did file the EEOC's Decision on Request for Reconsideration, which details, in brief, the Administrative Judge's ("AJ") decision. Id. The Request for Reconsideration reveals the AJ determined Plaintiff failed to establish a prima facie case of discrimination; indeed, the AJ found evidence Plaintiff "was observed distracting other students and using racially insensitive language during training exercises." Id. On appeal, the EEOC reiterated that substantial evidence supported the AJ's decision, that a preponderance of the evidence supported Defendant's reasons for terminating Plaintiff, and that there was no evidence of pretext. Id. Although the EEOC's decision is "not controlling upon the courts" and does not, in any meaningful way, contribute to this Court's ultimate decision, it can hold persuasive power, given the EEOC's "experience and informed judgment to which courts and litigants may properly resort for guidance." Skidmore v. Swift & Co., 323 U.S. 134, 140 (1944).

Mirando identified numerous deficiencies in Plaintiff's Complaint, determining it failed to establish proper venue, it was a "shotgun pleading" that failed to articulate claims with sufficient clarity for Defendant to respond, it had failed to allege that Plaintiff had filed an EEOC complaint, and it stated vague and ambiguous allegations.  Doc. 11.  However, rather than dismiss Plaintiff's Complaint outright, Judge Mirando directed Plaintiff to amend his Complaint and file a new motion to proceed IFP.  Id. at 12.  Nonetheless, Plaintiff missed the deadline to amend, instead filing a second motion to proceed IFP, a one-page document titled "Supporting Documentation for Civil Case in Federal Court," and a 57-page pleading titled "Motion Supporting Case."  Docs. 12, 13, 14.  Judge Mirando construed Plaintiff's "Motion Supporting Case" as an amended complaint and again denied Plaintiff's motion to proceed IFP without prejudice due to several of the same deficiencies in his amended complaint.  Doc. 17.  Once more, Plaintiff was given an opportunity to amend his complaint, but this time Judge Mirando warned that "[f]ailure to follow the Court's directives may lead to the Court recommending that this case be dismissed."  Id. at 9.  Plaintiff then filed an Amended Complaint (doc. 22, the operative complaint), along with various other supplements or exhibits (docs. 19, 20, 21), and another motion for leave to proceed IFP.  Docs. 22, 24.  Notably, the Amended Complaint and related filings were duplicates (or near duplicates) of previous filings by Plaintiff that had been identified as deficient by Judge Mirando.  Doc. 27 at 6 (explaining that Plaintiff had filed "nearly identical complaints" despite the Court's directives to amend to cure deficiencies).

In her November 28, 2016 Report and Recommendation, Judge Mirando found the operative complaint contained the same deficiencies identified in prior orders and recommended Plaintiff's action be dismissed.  Doc. 27 at 1, 2.  Specifically, Judge Mirando recommended denial of Plaintiff's motion to proceed IFP because it contained "no such document or any

3

information regarding Plaintiff's expenses, assets, or liabilities," and recommended dismissal of Plaintiff's operative complaint because it "fails to state a claim upon which relief can be granted and is an impermissible shotgun pleading." Id. at 3. However, rather than dismiss the action, District Judge John Steele transferred the case to the Southern District of Georgia, finding the Middle District of Florida was not the proper venue for Plaintiff's cause of action. Doc. 28 at 7. Judge Steele also granted Plaintiff IFP status. Id.

## DISCUSSION

I. **Sufficiency of Plaintiff's Complaint Under 28 U.S.C. § 1915(e)(2)**

When a plaintiff is granted IFP status, the Court must dismiss the plaintiff's case if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). When reviewing a complaint under 28 U.S.C. § 1915(e)(2), the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under § 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Under Title VII of the Civil Rights Act, "[i]t shall be an unlawful employment practice for an employer" "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e-2(a)(1). However, given the incoherent and threadbare nature of Plaintiff's Amended Complaint,

4

he fails to state a claim of discrimination. Plaintiff's claims in his Amended Complaint are identical to those listed in his prior complaints:

1. Not being Completely Truthful Perjury 18 U.S.C. 1261;
2. Discrimination based on race and sex;
3. Failure of Judges Order and violation of 29 C.F.R. Section 1614.108(b). Race/Color Discrimination & Work Situations Race/Color Discrimination;
4. Violation of Mandate 110;
5. CFR 29 Conspiracy Against Rights of Citizens (See 18 U.S.C.? 241);
6. Not Being Completely Truthful Perjury 18 U.S.C. 1261;
7. Title 29 section 1614.108(e);
8. Management Directive (MD 110) Chapter 5 II (A,1) 29 C.F.R. Section 1614.108;
9. Management Directive (MD 110) Chapter 6 D; and
10. Federal Protective Service Code Conduct.

Doc. 22 at 4. The Court cannot make sense of many of Plaintiff's claims. Id. Plaintiff includes some factual allegations at the end of the Complaint, in a section entitled "Persons Involved and Positions." Id. at 6. But Plaintiff includes no connection between his statement of claims and the persons involved. In each iteration of his Complaint, docs. 1, 18, 22, Plaintiff has repeated these "disjointed, incoherent, and barely comprehensible" claims. Doc. 27 at 5. Indeed, as Judge Mirando explained to Plaintiff three times, docs. 11, 17, 27, his Complaint is a shotgun pleading, because it "fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading." Lampkin-Asam v. Volusia Cty. Sch. Bd., 261 F. App'x 274, 277 (11th Cir. 2008). Furthermore, Plaintiff's attempts to correct the deficiencies in his Complaint have worsened the problem. For example, after each order warning of deficiencies, Plaintiff continues to file nearly identical Complaints and continues to attach unhelpful and confusing supplements, including a 13-page, single-spaced "Motion[s] Supporting Case," polygraph examinations, witness affidavits, and other documents. Docs. 12, 14, 16, 18, 20, 22, 25. Plaintiff was given two opportunities to clarify his cause of action before it was transferred to the Southern District of Georgia; the undersigned will not grant a third opportunity. Docs. 11, 17.

5

Among the disconnected allegations in his Complaints, it appears Plaintiff seeks to asserts a Title VII claim for racial discrimination.  To make out a prima facie case of racial discrimination, Plaintiff must show: (1) he belongs to a protected class; (2) he was qualified to do the job; (3) he was subjected to adverse employment action; and (4) his employer treated similarly situated employees outside his class more favorably.  Crawford v. Carroll, 529 F.3d 961, 970 (11th Cir. 2008).  In his factual allegations, Plaintiff alleges the Agency Supervisor humiliated him and told him "the agency has been discriminating against blacks for long time, and it is his turn to get back at white."  Doc. 22 at 2.  Plaintiff, however, fails to allege any comprehensible set of facts that could be construed to state a claim for discrimination upon which relief could be granted, much less facts supporting the prima facie elements of a racial discrimination claim.  Plaintiff also attempts to assert numerous claims which are completely devoid of legal or factual support.  For example, Plaintiff asserts as two claims "Not Being Completely Truthful Perjury 18. U.S.C. 1261."  Doc. 22 at 2.  However, that section of the criminal code states that the Attorney General shall enforce the provisions of Chapter 59, which relates to liquor traffic.  See 18 U.S.C. §§ 1261(a)(1)–(2).  Plaintiff also cites "Violation of Mandate 110," "Management Directive (MD 110) Chapter 5 II (A,1)," and the "Federal Protective Service Code Conduct."  Doc. 22 at 4.  But on their face, these are not legal claims for which the Court can grant relief.  Plaintiff's Complaint is largely incoherent with respect to his attempts to assert claims under any of these legal theories.

The Eleventh Circuit Court of Appeals has held that "[s]ection 1915(e)(2)(B)(ii) does not allow the district court to dismiss an *in forma pauperis* complaint without allowing leave to amend when required by Fed. R. Civ. P. 15."  Troville v. Venz, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002).  Judge Mirando noted the same deficiencies laid out above in three distinct orders and

offered Plaintiff two opportunities to amend and cure his complaint.  Docs. 11, 17.  Because he has continually failed to do so, dismissal is appropriate.  See LaCroix v. W. Dist. of Ky., 627 F. App'x 816, 819 n.1 (11th Cir. 2015).  Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint.

## II.     Appointment of Counsel

In this civil case, Plaintiff has no constitutional right to the appointment of counsel. Wright v. Langford, 562 F. App'x 769, 777 (11th Cir. 2014) (citing Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)).  "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances."  Id. (citing Bass, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner."  Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987); Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)).  The Eleventh Circuit has explained "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court.  Where the facts and issues are simple, he or she usually will not need such help."  McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)).

In the instant case, Plaintiff brought attempts to assert claims of racial discrimination. Plaintiff has demonstrated an ability to file his own pleadings and supporting documents and exhibits a basic understanding of the legal process.  Moreover, Plaintiff's factual allegations and legal claims do not appear to be "exceptional circumstances" warranting the appointment of

7

counsel. Fowler, 899 F.2d at 1096. Thus, the Court **DENIES** Plaintiff's Motion to Appoint Counsel, doc. 32.

### III. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009). Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

### CONCLUSION

For the reasons set forth above, I **DENY** Plaintiff's Motion to Appoint Counsel, and I **RECOMMEND** the Court **DISMISS** Plaintiff's claims against the Department of Homeland Security, Immigration and Customs Enforcement Agency. I also **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis* and **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

Any party seeking to object to this Report and Recommendation is instructed to file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  See 28 U.S.C. § 636(b); Federal Rule of Civil Procedure 72(b)(2).  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.  Furthermore, it is not necessary for a party to repeat legal arguments in objections.  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.  11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 20th day of February, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA